**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**ALLIANCE HEALTH GROUP LLC**                                                              **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO.: 1:06CV1267LG-JMR**

**BRIDGING HEALTH OPTIONS, L.L.C.**                                           **DEFENDANTS.**
**and DONALD J. BOOTH, M.D.**

**ANSWER AND AFFIRMATIVE DEFENSES
OF DR. DAVID FALLANG, M.D. AND LYNN FALLANG
<u>TO THIRD PARTY COMPLAINT</u>**

For their Answer to the pleading styled Counterclaim/Third Party Claims Against Alliance Health Group, LLC (the "Third Party Complaint"), Dr. David Fallang, M.D. and Lynn Fallang (collectively "the Fallangs") state the following:

1.      Based on information and belief, the Fallangs admit the allegations contained in paragraph 1 of the Third Party Complaint.

2.      Based upon information and belief, the Fallangs admit the allegations contained in paragraph 2 of the Third Party Complaint.

3A.     With regard to the allegations contained in paragraph 3A of the Third Party Complaint, the Fallangs admit that Alliance is a limited liability company organized in existence with the laws of the State of New Mexico with its principal place of business in the State of Ohio. Answering further, the Fallangs acknowledge that they are minority stockholders of Alliance. Answering further, the Fallangs admit that Alliance may be served under the Rules of Civil Procedure with the Counterclaim by serving its attorneys.

3B. With regard to the allegations contained in paragraph 3B of the Third Party Complaint, the Fallangs admit that they have purportedly been joined as third party defendants to this litigation, but deny that they are properly joined, subject to service of process or subject to the jurisdiction of this court. Answering further, the Fallangs admit that Dr. Fallang is a resident of the State of Ohio and acknowledges that he owns stock in Alliance. Answering further, the Fallangs admit that Dr. Fallang participated in discussions with Dr. Donald J. Booth ("Dr. Booth") when Dr. Booth was in Dayton, Ohio to discuss the interest of Alliance in having his company, Bridging Health Options, LLC ("BHO"), create a computer program for purchase by Alliance as the sole owner. Answering further, the Fallangs admit that Dr. Fallang has a place of business in Dayton, Ohio. Answering further, the Fallangs acknowledge that Lynn Fallang owns stock in Alliance and that she met with Dr. Booth when he was in Ohio to discuss the purchase by Alliance of the sole ownership of the computer programs to be developed by BHO, which is the subject of this litigation. Answering further, the Fallangs admit that Lynn Fallang has a residence and place of business in Ohio. The Fallangs deny the remaining allegations contained in paragraph 3B of the Third Party Complaint.

3C. The Fallangs are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3C of the Third Party Complaint, and therefore denies same.

4. With regard to the allegations contained in paragraph 4 of the Third Party Complaint, the Fallangs admit that Lynn Fallang, as a representative of Alliance, signed the letter of engagement with BHO, which was attached to the Complaint as Exhibit A.

Answering further, the Fallangs state that the letter of engagement sets forth the terms upon which Alliance agreed to engage BHO to provide certain services and develop a computer program for the sole ownership of Alliance. Answering further, the Fallangs deny the remaining allegations contained in paragraph 4 of the Third Party Complaint inconsistent with the foregoing.

5. With regard to the allegations contained in paragraph 5 of the Third Party Complaint, the Fallangs admit that on or about August 15, 2003, Lynn Fallang as President of Alliance, signed the Development Agreement which had been drafted by BHO and which was attached as Exhibit B to the Complaint. Answering further, the Fallangs state that the Development Agreement describes the nature of the business relationship between the parties. Answering further, the Fallangs deny the remaining allegations contained in paragraph 5 of the Third Party Complaint inconsistent with the foregoing.

6. With regard to the allegations contained in paragraph 6 of the Third Party Complaint, the Fallangs state that the Development Agreement sets forth the payment terms negotiated between the parties. The Fallangs deny the remaining allegations contained in paragraph 6 of the Third Party Complaint inconsistent with the foregoing.

7. With regard to the allegations contained in paragraph 7 of the Third Party Complaint, the Fallangs admit, based on information and belief, that Alliance made an initial payment to BHO for services to be rendered under the Development Agreement and made subsequent payments, all of which can be documented by check. The Fallangs deny all remaining allegations contained in paragraph 7 of the Third Party Complaint

inconsistent with the foregoing. Based on information and belief, the Fallangs specifically deny that Alliance was in material breach of the Development Agreement by virtue of the timing of the payments made under the terms of the Development Agreement.

8. With regard to the allegations contained in paragraph 8 of the Third Party Complaint, based on information and belief the Fallangs deny that Alliance was in material breach of the Development Agreement by its alleged failure to make a payment of $13,500 under the terms of that Agreement. The Fallangs deny the remaining allegations contained in paragraph 8 of the Third Party Complaint inconsistent with the foregoing.

9. With regard to the allegations contained in paragraph 9 of the Third Party Complaint, the Fallangs state that BHO had the sole obligation to develop the software, tasks, and services under the terms of the Development Agreement and that the Fallangs and/or Alliance, individually or collectively, had no obligation to participate in such activities. Answering further, the Fallangs state that the Development Agreement sets forth the obligations of the parties and the Fallangs deny the remaining allegations contained in paragraph 9 of the Third Party Complaint inconsistent with the foregoing. Answering further, the Fallangs state that any agreement that purports to indemnify a party for its own intentional actions or the actions of its agents that impose liability on another would violate public policy and thereby is void.

10. Based upon information and belief, the Fallangs admit that as referenced in the Third Party Complaint a lawsuit was filed in Palm Beach County, Florida naming a

number of defendants, including Alliance. Answering further, the Fallangs state that the nature of the claims presented in the Florida lawsuit would be set forth in that pleading. Answering further, the Fallangs state based on information and belief that Alliance was never properly served with process in the Florida lawsuit, did not voluntarily appear in the Florida lawsuit, and was never joined as a party in the Florida lawsuit. The Fallangs specifically deny that they, or either of them, were named as parties in the Florida lawsuit. The Fallangs deny the remaining allegations contained in paragraph 10 of the Third Party Complaint inconsistent with the foregoing.

11. With regard to the allegations contained in paragraph 11 of the Third Party Complaint, the Fallangs admit based on information and belief that Alliance obtained a copy of the Florida lawsuit, but state based on information and belief that Alliance was never properly served with process, did not voluntarily appear, and was not properly joined as a party in the Florida lawsuit. Answering further, the Fallangs deny the remaining allegations contained in paragraph 11. Answering further, the Fallangs state that based on information and belief neither BHO nor Booth demanded indemnity from Alliance for the claims set forth in the Florida lawsuit. Answering further, the Fallangs state that Alliance had no duty to indemnify BHO and/or Booth for the expenses incurred by virtue of the Florida lawsuit since the claim of indemnity violated public policy or was otherwise unenforceable.

12. With regard to the allegations contained in paragraph 12 of the Third Party Complaint, the Fallangs state that the terms, agreements, and warranties assumed in the Development Agreement would be set forth in that document. Answering further, the

5

Fallangs state that based on information and belief Alliance acted in good faith in the performance of its obligations under the terms of the Development Agreement and did not breach any material term of the Development Agreement. The Fallangs deny the remaining allegations contained in paragraph 12 of the Third Party Complaint inconsistent with the foregoing.

13. With regard to the allegations contained in paragraph 13 of the Third Party Complaint, the Fallangs state that the terms and obligations that Alliance assumed under the Development Agreement would be set forth in that document. The Fallangs deny the remaining allegations contained in paragraph 13 of the Third Party Complaint inconsistent with the foregoing.

14. With regard to the allegations contained in paragraph 14 of the Third Party Complaint, the Fallangs state that the terms and obligations that Alliance assumed under the Development Agreement would be set forth in that document. The Fallangs deny all remaining allegations contained in paragraph 14 of the Third Party Complaint inconsistent with the foregoing.

15. The Fallangs deny the allegations contained in paragraph 15 of the Third Party Complaint. Answering further, the Fallangs state that Alliance had the right and privilege under law to assert claims against Dr. Booth as Alliance did in the original Complaint. Answering further, the Fallangs deny the remaining allegations contained in paragraph 15 of the Third Party Complaint inconsistent with the foregoing.

16. The Fallangs deny the allegations contained in paragraph 16 of the Complaint.

17. In response to the allegations contained in paragraph 17 of the Third Party Complaint, the Fallangs incorporate by reference as if fully set forth therein the admissions, statements, and denials contained in paragraphs 1-16 above.

18. With regard to the allegations contained in paragraph 18 of the Third Party Complaint, the Fallangs admit that Lynn Fallang, as a representative of Alliance, signed the letter of engagement with BHO which was attached to the Complaint as Exhibit A. Answering further, the Fallangs admit that Lynn Fallang, as the President of Alliance, signed the Development Agreement on or about August 15, 2003. The Fallangs deny the remaining allegations contained in paragraph 18 of the Third Party Complaint not specifically admitted above.

19. With regard to the allegations contained in paragraph 19 of the Third Party Complaint, the Fallangs deny that Alliance breached any material term of the Development Agreement. Answering further, the Fallangs deny the remaining allegations contained in paragraph 19 of the Third Party Complaint.

20. The Fallangs deny the allegations contained in paragraph 20 of the Third Party Complaint.

21. The Fallangs deny the allegations contained in paragraph 21 of the Third Party Complaint.

22. The Fallangs deny the allegations contained in paragraph 22 of the Third Party Complaint.

23. The Fallangs deny the allegations contained in paragraph 23 of the Third Party Complaint.

24. The Fallangs deny the allegations contained in paragraph 24 of the Third Party Complaint.

25. The Fallangs deny the allegations contained in paragraph 25 of the Third Party Complaint.

26. The Fallangs deny the allegations contained in paragraph 26 of the Third Party Complaint.

27. With regard to the allegations contained in paragraph 27 of the Third Party Complaint, the Fallangs incorporate by reference as if fully set forth therein, the admissions, statements, and denials contained in paragraph 1-26 above.

28. With regard to the allegations contained in paragraph 28 of the Third Party Complaint, the Fallangs state that the Development Agreement sets forth the terms negotiated by the parties. Answering further, the Fallangs deny the remaining allegations contained in paragraph 28 of the Third Party Complaint inconsistent with the foregoing.

29. Based upon information and belief, the Fallangs admit that there was a lawsuit filed in Palm Beach County, Florida naming a number of defendants including Alliance. Answering further, the Fallangs state that the claims presented in the Florida lawsuit would be set forth in that pleading. Answering further, the Fallangs state that based on information and belief Alliance was never properly served with process in the Florida lawsuit, did not voluntarily appear in the Florida lawsuit, and was never joined as a party in the Florida lawsuit.

30. With regard to the allegations contained in paragraph 30 of the Third Party Complaint, the Fallangs admit based on information and belief that Alliance had obtained

through counsel a copy of the Florida lawsuit, but states based on information and belief that Alliance was never properly served with process, did not voluntarily appear and was never properly joined as a party in the Florida lawsuit. Answering further, the Fallangs deny the remaining allegations contained in paragraph 30 inconsistent with the foregoing. Answering further, the Fallangs state based on information and belief that neither BHO nor Booth demanded indemnity from Alliance for the claims set forth in the Florida lawsuit. Answering further, the Fallangs state that Alliance had no duty to indemnify BHO and/or Booth for the expenses incurred by virtue of the Florida lawsuit since the claim of indemnity violated public policy or was otherwise unenforceable.

31. The Fallangs deny the allegations contained in paragraph 31 of the Third Party Complaint.

32. With regard to the allegations contained in paragraph 32 of the Third Party Complaint, the Fallangs incorporate by reference as if fully set forth therein, the admissions, statements, and denials contained in paragraph 1-31 above.

33. The Fallangs deny the allegations contained in paragraph 33 of the Third Party Complaint.

34. With regard to the allegations contained in paragraph 34 of the Third Party Complaint, the Fallangs state that the Development Agreement sets forth its terms. Answering further, the Fallangs deny the remaining allegations contained in paragraph 34 of the Third Party Complaint inconsistent with the foregoing.

35. With regard to the allegations contained in paragraph 35 of the Third Party Complaint, the Fallangs state based on information and belief that Alliance has

substantially complied with the terms and conditions of the Development Agreement regarding payment. Answering further, the Fallangs state based on information and belief that BHO has not and cannot comply with its obligation to transfer to Alliance sole ownership of the software given the fact that, based on information and belief, BHO was never the owner of the software, did not take steps to acquire the software, and allowed third parties to retain or obtain ownership interests in the software.

36.     With regard to the allegations contained in paragraph 36 of the Third Party Complaint, the Fallangs deny based on information and belief that Alliance has materially breached its agreement with BHO. Answering further, the Fallangs state that paragraph 36 sets forth a legal conclusion and seeks a legal remedy such that no answer is required.

37.     With regard to the allegations contained in paragraph 37 of the Third Party Complaint, the Fallangs incorporate by reference as if fully set forth therein, the admissions, statements, and denials contained in paragraph 1-36 above.

38.     With regard to the allegations contained in paragraph 38 of the Third Party Complaint, the Fallangs state that the Development Agreement sets forth its terms. The Fallangs deny the remaining allegations contained in paragraph 38 of the Third Party Complaint inconsistent with the foregoing.

39.     With regard to the allegations contained in paragraph 39 of the Third Party Complaint, the Fallangs state based on information and belief that, at all times, Alliance acted in good faith and endeavored to perform its obligations under the terms of the

Development Agreement. The Fallangs deny the remaining allegations contained in paragraph 39 of the Third Party Complaint inconsistent with the foregoing.

40. The Fallangs deny the allegations contained in paragraph 40 of the Third Party Complaint.

41. The Fallangs deny the allegations contained in paragraph 41 of the Third Party Complaint.

42. With regard to the allegations contained in paragraph 42 of the Third Party Complaint, the Fallangs incorporate by reference as if fully set forth therein, the admissions, statements, and denials contained in paragraph 1-41 above.

43. With regard to the allegations contained in paragraph 43 of the Third Party Complaint, the Fallangs state based on information and belief that Alliance at all times performed its obligations under the terms of the Development Agreement and the letter of engagement in good faith towards BHO. The Fallangs deny the remaining allegations contained in paragraph 43 of the Third Party Complaint inconsistent with the foregoing.

44. With regard to the allegations contained in paragraph 44 of the Third Party Complaint, the Fallangs deny based on information and belief that Alliance breached any duties owing to BHO under the terms of the Development Agreement and/or common law.

45. The Fallangs deny the allegations contained in paragraph 45 of the Third Party Complaint.

46. With regard to the allegations contained in paragraph 46 of the Third Party Complaint, the Fallangs incorporate by reference as if fully set forth therein, the admissions, statements, and denials contained in paragraph 1-45 above.

47. The Fallangs deny the allegations contained in paragraph 47 of the Third Party Complaint.

48. The Fallangs deny the allegations contained in paragraph 48 of the Third Party Complaint.

49. With regard to the allegations contained in paragraph 49 of the Third Party Complaint, the Fallangs incorporate by reference as if fully set forth therein, the admissions, statements, and denials contained in paragraph 1-48 above.

50. The Fallangs deny the allegations contained in paragraph 50 of the Third Party Complaint.

51. With regard to the allegations contained in paragraph 51 of the Third Party Complaint, the Fallangs incorporate by reference as if fully set forth therein, the admissions, statements, and denials contained in paragraph 1-50 above.

52. The Fallangs deny the allegations contained in paragraph 52 of the Third Party Complaint.

53. The Fallangs deny the allegations contained in paragraph 53 of the Third Party Complaint.

54. With regard to the allegations contained in paragraph 54 of the Third Party Complaint, the Fallangs incorporate by reference as if fully set forth therein, the admissions, statements, and denials contained in paragraph 1-53 above.

55. With regard to the allegations contained in paragraph 55 of the Third Party Complaint, the Fallangs state that the Development Agreement sets forth the obligations of the parties. Answering further, the Fallangs deny the remaining allegations set forth in paragraph 55 of the Third Party Complaint inconsistent with the foregoing.

56. The Fallangs deny the allegations contained in paragraph 56 of the Third Party Complaint.

57. With regard to the allegations contained in paragraph 57 of the Third Party Complaint, the Fallangs incorporate by reference as if fully set forth therein, the admissions, statements, and denials contained in paragraph 1-56 above.

58. With regard to the allegations contained in paragraph 58 of the Third Party Complaint, the Fallangs state that this paragraph states a claim for an injunction and does not, therefore, require an answer. Answering further, the Fallangs state that BHO is not legally or factually entitled to an injunction.

59. The Fallangs deny the allegations contained in paragraph 59 of the Third Party Complaint.

60. The Fallangs deny the allegations contained in paragraph 60 of the Third Party Complaint.

61. With regard to the allegations contained in paragraph 61 of the Third Party Complaint, the Fallangs incorporate by reference as if fully set forth therein, the admissions, statements, and denials contained in paragraph 1-60 above.

62. The Fallangs deny the allegations contained in paragraph 62 of the Third Party Complaint.

63.     With regard to the allegations contained in paragraph 63 of the Third Party Complaint, the Fallangs state that this paragraph states a claim for the legal remedy of an accounting such that an answer is not required.  Answering further, the Fallangs deny that BHO is entitled to an accounting.

64.     The Fallangs deny the allegations contained in paragraph 64 of the Third Party Complaint.

65.     With regard to the allegations contained in paragraph 65 of the Third Party Complaint, the Fallangs incorporate by reference as if fully set forth therein, the admissions, statements, and denials contained in paragraph 1-64 above.

66.     The Fallangs deny the allegations contained in paragraph 66 of the Third Party Complaint.  Answering further, the Fallangs state that Alliance had a legal privilege to present claims to this Court against BHO and/or Booth, and neither Alliance nor the Fallangs can therefore be held liable for libel and/or slander for the presentation of such claims.

67.     The Fallangs deny the allegations contained in paragraph 67 of the Third Party Complaint.

68.     The Fallangs deny the allegations contained in paragraph 68 of the Third Party Complaint.

69.     With regard to the allegations contained in paragraph 69 of the Third Party Complaint, the Fallangs incorporate by reference as if fully set forth therein, the admissions, statements, and denials contained in paragraph 1-68 above.

70.     The Fallangs deny the allegations contained in paragraph 70 of the Third Party Complaint.

71.     With regard to the allegations contained in paragraph 71 of the Third Party Complaint, the Fallangs incorporate by reference as if fully set forth therein, the admissions, statements, and denials contained in paragraph 1-70 above.

72.     The Fallangs deny the allegations contained in paragraph 72 of the Third Party Complaint.

73.     With regard to the allegations contained in paragraph 73 of the Third Party Complaint, the Fallangs incorporate by reference as if fully set forth therein, the admissions, statements, and denials contained in paragraph 1-72 above.

74.     The Fallangs deny the allegations contained in paragraph 74 of the Third Party Complaint.

75.     With regard to the allegations contained in paragraph 75 of the Third Party Complaint, the Fallangs incorporate by reference as if fully set forth therein, the admissions, statements, and denials contained in paragraph 1-74 above.

76.     The Fallangs deny the allegations contained in paragraph 76 of the Third Party Complaint.

77.     The allegations contained in paragraph 77 of the Third Party Complaint merely set forth a prayer for relief to which no answer is required.

78.     The Fallangs deny all remaining allegations set forth in the Third Party Complaint not specifically admitted above to be true.

## SECOND DEFENSE

79. The Third Party Complaint fails to state a cause of action against the Fallangs upon which relief may be granted.

## THIRD DEFENSE

80. The claims based on libel and slander are barred in that the Fallangs have an absolute privileged to assert claims against BHO and Booth in this proceeding.

## FOURTH DEFENSE

81. Based on information and belief, Alliance substantially performed its obligations under the Development Agreement such that it is not in material breach of the agreement. Accordingly, the Fallangs have no liability to Bridging and/or Booth

## FIFTH DEFENSE

82. BHO and/or Booth failed to provide demand for indemnity and therefore are barred from seeking indemnity.

## SIXTH DEFENSE

83. Under the circumstances of this case, the claim for indemnity is barred by public policy or is otherwise unenforceable.

## SEVENTH DEFENSE

84. Any claim for equitable relief sought by BHO and/or Booth are barred by principles of unclean hands and/or by waiver.

## EIGHTH DEFENSE

85. Some or all claims by BHO and/or Booth are barred by laches or the applicable statute of limitations.

## NINTH DEFENSE

87. The Fallangs are not subject to personal jurisdiction and are not subject to service of process under the Mississippi long-arm statute and lack the sufficient minimum contacts with Mississippi such that the exercise of jurisdiction over them violates the federal constitution.

## TENTH DEFENSE

88. The Fallangs have not been and cannot be served with proper process such that there is an insufficiency of process.

## ELEVENTH DEFENSE

89. Assuming that there are valid claims to be asserted against the Fallangs (which the Fallangs specifically deny), this Court is the improper venue for any such claims against the Fallangs.

## TWELFTH DEFENSE

90. The Fallangs reserve the right to assert additional affirmative defenses upon discovery.

WHEREFORE, The Fallangs demands the following relief:

1. That the Third Party Complaints be dismissed with prejudice.
2. That the Fallangs recover their attorneys' fees incurred herein
3. That the Fallangs recover their costs expended herein.
4. For such other and further relief at law or in equity as the court deems just.

                    Respectfully submitted,

                    Dr. David Fallang, M.D. and Lynn Fallang


                    /s/ Ron A. Yarbrough
                    Ron A. Yarbrough, (MSB # 6630)
                    One of its Attorneys

OF COUNSEL:

BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
140 Trustmark Building
248 East Capitol Street
Jackson, Mississippi  39201
(601) 948-3101

and

David C. Olson
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio  45202-4182
(513) 651-6800

## CERTIFICATE OF SERVICE

I hereby certify that, on this 2nd day of April, 2007, a true and accurate copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DR. DAVID FALLANG, M.D. AND LYNN FALLANG TO THIRD PARTY COMPLAINT was filed electronically with the Clerk of the Court using the ECF system which sent notification of such filing to the following: Stephen G. Peresich, Post Office Box 289, Biloxi, MS 39533, Counsel for Defendants Bridging Health Options, L.L.C. and Donald J. Booth, M.D.

/s/ Ron A. Yarbrough
Ron A. Yarbrough