IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ALLIANCE HEALTH GROUP, LLC                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 1:06CV1267LG-JMR

BRIDGING HEALTH OPTIONS, LLC
and DONALD J. BOOTH, M.D.                                     DEFENDANTS

AND COUNTER-CLAIMS/ THIRD PARTY CLAIMS

BRIDGING HEALTH OPTIONS, LLC
and DONALD J. BOOTH, M.D.                                    DEFENDANTS/
                                                     COUNTER PLAINTIFFS

VS.

ALLIANCE HEALTH GROUP, LLC,
DR. DAVID FALLANG AND LYNN FALLANG
AND JOHN DOE DEFENDANTS                          COUNTER DEFENDANTS

### MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE FILED BY DEFENDANTS/COUNTER PLAINTIFFS BRIDGING HEALTH OPTIONS, LLC AND DONALD J. BOOTH, M.D.

COME NOW Defendants/Counter Plaintiffs, Bridging Health Options, LLC (hereinafter "BHO") and Donald J. Booth, M.D. (hereinafter "Dr. Booth"), by and through their attorneys, and file this their Memorandum Brief in Support of Motion to Dismiss for Improper Venue and in support thereof would show unto the Court the following:

### I. FACTS

Plaintiff, Alliance Health Group, LLC (hereinafter "Alliance") initiated this matter on December 20, 2006, by filing its Complaint. The allegations of the Complaint center upon a Development Agreement for the development of a computer program which was entered into by BHO and Alliance on August 15, 2003. Said agreement was referenced by Alliance in its Complaint



EXHIBIT "A"

and a true and correct copy thereof was attached to Defendant's Motion to Dismiss as Exhibit 1 and is incorporated by reference herein.

The Development Agreement consisted of three (3) pages and was entered into by Alliance and BHO, neither of which were in a superior bargaining position. Relevant terms of the Development Agreement as negotiated by the parties are as follows:

1.      Section 1.1 provides that "[t]he parties wish to engage in a business relationship in accordance with the services and development risks as follows: Develop the desired computer program of up to and including a "Soft Launch" date of approximately 90 days." Further section 1.1 provided the details of the database software program to be developed  as well as the estimated charges therefore.

2.      Section 1.2 provides when payment of estimated costs as well as final costs will be due and payable for the services performed under the contract.

3.      Section 2 of the Development Agreement provides for liability and indemnification and each party's rights, warranties, indemnities and liability limitations under the agreement.

4.      Section 3 of the Development Agreement addresses the rights of each party to terminate the agreement and Section 4 addresses the rights of each party to assign their respective rights under agreement.

5.      Section 5 provides general provisions governing the agreement including confidentiality, legal costs , waiver, notice, the entirety of the agreement and governing law.

6.      Of particular focus and concern herein is Section 5.2 which provides for the governing law under which disputes under the Development Agreement shall be governed.  Section 5.2 states the following:

> **Governing Law: This Agreement shall be governed by and construed in accordance with the laws of the State of Mississippi and exclusive venue for any litigation related hereto shall occur in Harrison County, Mississippi.**

*See* Exhibit 1 at page 3.

Plaintiff's Complaint incorrectly asserts that jurisdiction and venue of this matter are proper before this Honorable Court. *See* Plaintiff's Complaint attached to the Motion to Dismiss as Exhibit 2 and incorporated by reference herein.  Defendants herein assert that venue is proper only in state court in Harrison County, Mississippi pursuant to the terms of the Development Agreement which was signed and properly executed by both Alliance and BHO on August 15, 2003.

Plaintiff asserts in its Complaint claims against BHO sounding under the Development Agreement and against Dr. Booth sounding in tort.  Further, Defendants have filed an Answer and Amended Answer herein asserting numerous counterclaims against Alliance and the owners of Alliance, Dr. and Mrs. Fallang. *See* Defendants' Answer and Defenses and Amended Answers and Defenses and Counterclaims/Third Party Claims attached to the Motion to Dismiss as Exhibits 3 and 4 which are incorporated by reference herein.  All of these claims have at their central nexus the Development Agreement entered into between Alliance and BHO.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(3) provides for the defense of improper venue. *See.* F.R.C.P. 12(b).  Defendants asserted this defense and preserved it for this present motion herein by asserting in their Answer and Amended Answer the following defense:

> **These Defendants move to dismiss the Complaint pursuant to the provisions of Rules 12(b)(1), 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure as, pursuant to the terms of the Development Agreement in issue, Alliance Health Group, LLC and Bridging Health Options, LLC agreed that " This Agreement shall be governed by and construed in accordance with the laws of the State of**

**Mississippi and exclusive venue for any litigation related hereto shall occur in Harrison County, Mississippi." Moreover, Dr. Donald J. Booth has been fraudulently joined by the Plaintiff in an effort to create jurisdiction when he was not a party to the agreement in issue.**

*See* Exhibits 3 and 4.

"[W]hen determining whether a forum selection clause in a contract will require the parties to litigate in the named forum, i.e. is mandatory and enforceable, a two-step inquiry is undertaken." *Bentley v. Mutual Benefits Corp.*, 237 F.Supp. 2d 699, 701 (S.D. Miss. 2002). "First, the court must look to see whether the forum selection clause is mandatory or permissive." *Id.* If the clause is found to be mandatory, then the Court must determine whether it is enforceable. *Id.*

## III. ARGUMENT

### A. The Forum Selection Clause is Mandatory.

"In an action based upon diversity jurisdiction, 'federal law determines the enforceability of a forum-selection clause.'" *Stein v. Gardner,* 2005 WL 1362258 (S.D. Miss. 2005). First, a determination should be made as to "whether the forum selection clause is mandatory or permissive." *Id.* (quoting *Bentley,* 237 F.Supp.2d at 701. "[A] mandatory forum selection clause has express language limiting the action to the courts of a specific locale which is clear, unequivocal and mandatory." *Bentley,* 237 F.Supp.2d. At 701. "[A] permissive forum selection clause authorizes jurisdiction or venue in a selected forum but does not prohibit litigation elsewhere. *Id.* The determinative factor is whether the forum selection clause utilizes express language limiting the locale of the Court and also asserts that the applicable Court has exclusive jurisdiction or venue to a court of a specific locale. *Id.*

The Fifth Circuit undertook an analysis of what constitutes a mandatory in determining whether the forum selection clause in *Bentley* was mandatory or permissive and in so doing reviewed cases from other jurisdictions interpreting forum selection clauses and the key language of the clauses with regard to the question of whether the clause was mandatory. *Bentley,* 237 F.Supp.2d at 701 (quoting *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) ("Any dispute arising *must* be treated before the London court of justice."(emphasis added)); (*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273, 280 (9th Cir. 1984)(holding that the language, "this Agreement shall be litigated *only* in the Superior Court for Los Angeles (and in no other) was mandatory")); (*Maley v. Design Benefits Plan, Inc.,* 125 F.Supp.2d 836, 838 (E.D. Tex. 2000)(finding a forum selection clause which provided that "[v]enue for *any* action, suit or other proceeding, including non-contract disputes, *shall be exclusively* in Winnebago County, Illinois" was mandatory)); and (*Peterson v. Test Int'l E.C.,* 904 F.Supp. 574 (S.D. Miss. 1995)(finding that a forum selection clause stating "[t]he *only* courts of jurisdiction in any matter, or dispute, and/or controversy arising out of this agreement and/or employment shall the court of Bahrain," was mandatory because it clearly and unequivocally limited the forum to the courts of Bahrain on its face)(emphasis added)). The Court in Bentley ultimately determined that the clause was permissive based upon the clause containing language that the parties **"stipulated"** to a jurisdiction. *Bentley,* 237 F.Supp.2d at 702 (emphasis added). The Court reasoned that stipulating to a venue precluded the parties from attacking the named venue as improper, it did not designate the venue as having exclusive jurisdiction. *Id.*

-5-

The clause at issue in this litigation states as follows:

**Governing Law: This agreement shall be governed by and construed in accordance with the laws of the State of Mississippi and exclusive venue for any litigation related hereto shall occur in Harrison County, Mississippi.**

*See* Exhibit 1 (emphasis added).   Clearly, the language of the present forum selection clause prohibits any litigation related to the contract from occurring anywhere but in state court in Harrison County, Mississippi. As the forum selection clause utilizes clear, unequivocal and mandatory words of exclusivity to dictate where any litigation related to the contract can occur, the clause is mandatory and should be enforced. *Bentley*, 237 F.Supp.2d at 701.

### B.  The Forum Selection Clause is Reasonable and Should be Enforced.

Once the forum selection clause is determined to be mandatory, the Court must determine whether it is enforceable.  "Forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Stein,* 2005 WL 1362258.  "In other words, such clauses, where mandatory, will generally be enforced specifically 'unless [the aggrieved party] . . . clearly show[s] that enforcement would be unreasonable or unjust or that the clause was invalid for such reasons as fraud or overreaching." *Bentley,* 237 F. Supp.2d at 701 (citing *Peterson*, 904 F.Supp. at 580)(citing *Breman* 407 U.S. at 15).

"In determining whether the forum selection clause is reasonable, the Court must consider several factors such as a corporation's interest in limiting the fora in which he may be subjected to suit, any motive to discourage legitimate claims, the time and expense saved by foregoing litigation in the proper forum, the inconvenience of the contractual forum to the parties, and evidence of fraud or overreaching. *Estate of Dunn v. American Health Centers, Inc.,* 2006 WL 2701166 (N.D. Miss.

2006). "Unreasonableness may be shown where '(1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.'" *Id.* (citing *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 113 l.Ed.2d 622 (1991) and *Breman*, 407 U.S. at 12-13).

Alliance does assert that BHO and Dr. Booth committed acts of fraud regarding Alliance's ability to have sole ownership of the software to be developed by BHO for Alliance. *See* Exhibit 2. "A forum selection clause is not unenforceable because there is an allegation of fraud in the transaction." *Estate of Dunn*, 2006 WL 2701160 (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14, 94 S.Ct. 2449, 2457, 41 L.Ed.2d 270 (1974) citing *Prima Paint Corp. v. Flood and Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1901, 18 L.Ed.2d 1270 (1967)). "[A] forum selection clause is only unenforceable when the inclusion of that clause in the contract was a product of fraud or coercion." *Id.* "Allegations of fraudulent conduct as to the contract as a whole or portions of it are insufficient to void the forum selection clause." *Id.* (citing *Haynesworth*, 121 F.3d at 963 and *Sudduth v. Occidenta Peruana, Inc.*, 70 F.Supp.2d 691, 696 (E.D. Tex. 1999)). Further, the Fifth Circuit "has refused to judge the soundness of a forum selection clause by what the Court believes to be the merits of the underlying contract." *Id.* (citing *Afram Carriers, Inc. v. Moeykens*, 143 F.3d 298, 300 (5th Cir. 1998).

Herein, Alliance makes no allegations that the forum selection clause was agreed upon as a result of fraud or any overreaching by BHO or Dr. Booth. Further, Plaintiff has not asserted in its Complaint that BHO or Alliance were in substantially different bargaining positions when they negotiated this agreement. The Development Agreement consisted of three (3) pages. The section concerning the forum selection clause is clearly labeled "**Governing Law**" and there was no effort made to hide any of the terms of the contract by BHO. *See* Exhibit 1 at page 3. Accordingly, the forum selection clause should be enforced and Alliance should be made to dismiss its Complaint herein as the only proper venue for this litigation is the state court in Harrison County, Mississippi.

**C. District Court's Jurisdiction to Hear this Matter.**

Because the forum selection clause is mandatory and enforceable, it should be given full effect. Prior decisions by U.S. District Courts clearly are of the opinion that once a forum selection clause requires that claims be decided by a state court, the U.S. District Court has no jurisdiction to adjudicate the claims. *Stein*, 2005 WL 1362258 (citing *Peterson*, 904 F.Supp. 574 at 581). Further, the Fifth Circuit has held that a motion to dismiss is appropriate where a state court is the only chosen venue under a forum selection clause as the federal court had no authority to transfer the case to state court. *Southern Consulting Group, Inc. v. Maximus, Inc.*, 387 F.Supp.2d 681, 683 (S.D. Miss. 2005) (citing *International Software v. Amplicon*, 77 F.3d 112, 113-14 (5th Cir. 1996)).

Alliance asserted in its Complaint that this Honorable Court has diversity jurisdiction in this matter. *See* Exhibit 2. However, Alliance's claims are based upon the Development Agreement as a whole and ownership of the software to be developed therefrom in particular. Further, BHO and Dr. Booth have asserted counterclaims against Alliance under the terms of the contract as well as asserted causes of action against Dr. and Mrs. Fallang as owners of Alliance for certain torts. None

of Alliance's, BHO's or Dr. Booth's causes of action are based upon any federal question, statute

or regulation. Generally, a district court "should decline to exercise jurisdiction over pendent state-

law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial."

*Stein*, 2005 WL 1362258 (citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7, 108

S.Ct. 614, 98 L.Ed.2d 720 (1988). The language of the forum selection clause clearly mandates that

any litigation concerning the Development Agreement is to exclusively be heard in the state court

of Harrison County, Mississippi. This includes any causes of action originating from the agreement

which all claims clearly originate. Accordingly, because all of the claims are interrelated and

Alliance has not asserted any causes of action requiring resolution of a federal question, this

Honorable Court's jurisdiction to hear this litigation has been eroded by the terms of the

Development Agreement.

## IV. CONCLUSION

The Development Agreement that is the subject of the present litigation plainly provides a

forum selection clause found in section 5.2 of the agreement. The terms of the forum selection

clause provide as follows:

> **Governing Law: This agreement shall be governed by and construed in accordance with the laws of the State of Mississippi and exclusive venue for any litigation related hereto shall occur in Harrison County, Mississippi.**

*See* Exhibit 1. The language of the forum selection clause clearly mandates an exclusive venue for

this present litigation in state court in Harrison County, Mississippi. As the clause provides an

exclusive venue, it is mandatory and, as such, should be enforced unless unreasonable in its terms,

which Plaintiff has not asserted to date. Further, because the exclusive venue for this litigation lies

in state court in Harrison County, Mississippi, this Honorable Court has no jurisdiction concerning

the subject contract claims asserted by Alliance as well as those contract claims asserted by BHO and Dr. Booth. The remaining claims pending before this Court all have as their origin the Development Agreement between BHO and Alliance. None of these claims are based upon any federal question, statute, or regulation. Accordingly, these claims are based upon state law and should be heard in state court in Harrison County, Mississippi where venue for this litigation is proper. Accordingly, Plaintiff's Complaint should be dismissed.

**WHEREFORE, PREMISES CONSIDERED,** Defendants/Counter-Plaintiffs BHO and Dr. Booth respectfully move this Honorable Court to find that the forum selection clause in the Development Agreement is mandatory and not unreasonable and enforce the clear language thereof and dismiss this present action. Defendants/Counter-Plaintiffs further pray for any other and further relief they may be entitled to within the premises.

Respectfully submitted,

BRIDGING HEALTH OPTIONS, LLC and
DONALD J. BOOTH, M.D.

BY:     PAGE, MANNINO, PERESICH
        & McDERMOTT, P.L.L.C.

BY:     _____
        STEPHEN G. PERESICH, MSB #4114

PAGE, MANNINO, PERESICH,
& MCDERMOTT, P.L.L.C.
Post Office Drawer 289
Biloxi, Mississippi 39533
Telephone: (228) 374-2100
Facsimile: (228) 432-5539

-10-

## CERTIFICATE OF SERVICE

I, STEPHEN G. PERESICH, of the law firm of Page, Mannino, Peresich & McDermott, P.L.L.C., do hereby certify that on March 27, 2007, I electronically filed the foregoing Defendants' Motion to Dismiss for Improper Venue Filed by Bridging Health Options, LLC and Donald J. Booth, M.D. with the Clerk of the Court using the ECF system which sent notification of such filing to the following: Ron A. Yarbrough, at the law offices of Brunini, Grantuam, Grower & Hewes, PLLC, 140 Trustmark Building, 248 East Capitol Street, Jackson, Mississippi, 39201 and David C. Olson, at the law offices of Frost Brown Todd, LLC, 2200 PNC Center, 201 East Fifth Street, Cincinnati, Ohio, 45202-4182.

This, the 27th day of March, 2007.

STEPHEN G. PERESICH MSB #4114

PAGE, MANNINO, PERESICH
& McDERMOTT, P.L.L.C.
Attorneys at Law
Post Office Drawer 289
Biloxi, MS 39533
Telephone: (228) 374-2100
Facsimile:  (228) 432-5539