# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALLIANCE HEALTH GROUP, LLC** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CIVIL ACTION NO. 1:06CV1267-LG-JMR** |
| | § | |
| **BRIDGING HEALTH OPTIONS, LLC** and | § | |
| **DONALD J. BOOTH, M.D.** | § | **DEFENDANTS** |
| | § | |
| **BRIDGING HEALTH OPTIONS, LLC** and | § | **COUNTER-PLAINTIFFS/** |
| **DONALD J. BOOTH, M.D.** | § | **THIRD PARTY PLAINTIFFS** |
| | § | |
| v. | § | |
| | § | |
| **ALLIANCE HEALTH GROUP, LLC, DR.** | § | |
| **DAVID FALLANG, LYNN FALLANG,** | § | **COUNTER-DEFENDANTS/** |
| and **JOHN DOE DEFENDANTS** | § | **THIRD PARTY DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER DENYING
### DEFENDANTS' MOTIONS TO DISMISS FOR IMPROPER VENUE

THIS MATTER IS BEFORE THE COURT on Defendant Bridging Health Options, LLC's Motion to Dismiss for Improper Venue [17-1] and Donald J. Booth, M.D.'s Motion to Dismiss for Improper Venue [18]. The Court finds that the forum selection clause agreed upon by the parties does not preclude venue in this Court. Accordingly, the Court finds that Defendants' Motions should be denied.

### DISCUSSION

On December 20, 2006, Alliance Health Group, LLC ("Plaintiff") filed suit against Bridging Health Options, LLC. and Donald J. Booth, M.D. ("Defendants") concerning a disagreement that arose out of a contract for the development of a computer program. The contract contained the following forum selection clause:

> Governing Law: This Agreement shall be governed by and construed in accordance with the laws of the State of Mississippi and **exclusive venue for**

**any litigation related hereto shall occur in Harrison County, Mississippi**.

(Ex. 1 to Defs.' Mot. at 3)(emphasis added). Defendants filed a Motion to Dismiss, arguing that the forum selection clause mandated that the parties file suit in state court in Harrison County, Mississippi. However, Plaintiff contends that the forum selection clause does not specify whether suit must be filed in federal court or state court in Harrison County, Mississippi. Therefore, Plaintiff argues, venue is proper in this Court since the Southern Division of the United States District Court for the Southern District of Mississippi is located in Harrison County, Mississippi.

In order to determine whether a forum selection clause requires the parties to litigate in the named forum, a court must first examine whether the forum selection clause is mandatory or permissive. *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994). If the clause is mandatory, the court will then determine whether the clause is enforceable. *Willingham*, 17 F.3d at 127. "A mandatory forum selection clause has express language limiting the action to the courts of a specific locale which is clear, unequivocal and mandatory." *Bentley v. Mutual Benefits Corp.*, 237 F. Supp. 2d 699, 701 (S.D. Miss. 2002)(citing *Willingham*, 17 F.3d at 128).

Thus, the case law is clear that a forum selection clause is mandatory if there can only be one interpretation of the clause. The clause at issue can be interpreted to provide for venue in state or federal court. *See Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 76-77 (9th Cir. 1987)(holding that a forum selection clause that did not specify that the Orange County, California, state courts had exclusive jurisdiction was permissive and therefore the clause did not preclude venue in federal court). Therefore, venue is proper in this Court, and Defendants' Motions to Dismiss for Improper Venue should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Bridging Health Options, LLC's Motion to Dismiss for Improper Venue [17-1] and Donald J. Booth, M.D.'s Motion to Dismiss for Improper Venue [18] are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 14th day of June, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE