**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**ALLIANCE HEALTH GROUP, LLC**                                                                              **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO. 1:06CV1267LG-JMR**

**BRIDGING HEALTH OPTIONS, LLC
and DONALD J. BOOTH, M.D.**                                                        **DEFENDANTS**

**AND COUNTER-CLAIMS/ THIRD PARTY CLAIMS**

**BRIDGING HEALTH OPTIONS, LLC
and DONALD J. BOOTH, M.D.**                                                      **DEFENDANTS/
                                                                                                          COUNTER PLAINTIFFS**

**VS.**

**ALLIANCE HEALTH GROUP, LLC,
DR. DAVID FALLANG AND LYNN FALLANG
AND JOHN DOE DEFENDANTS**                                                **COUNTER DEFENDANTS**

---

**MOTION TO AMEND MEMORANDUM ORDER DENYING DEFENDANTS'
MOTION TO DISMISS FOR IMPROPER VENUE TO CERTIFY APPEALABILITY
OF ORDER FILED BY DEFENDANTS/COUNTER PLAINTIFFS
BRIDGING HEALTH OPTIONS, LLC AND DONALD J. BOOTH, M.D.**

---

COME NOW Defendants/Counter Plaintiffs, Bridging Health Options, LLC (hereinafter"BHO") and Donald J. Booth, M.D. (hereinafter "Dr. Booth"), by and through their attorneys, and file this their Motion to Amend Memorandum Order Denying Defendants' Motion to Dismiss for Improper Venue to Certify Appealability of Order and in support thereof would show unto the Court the following:

**I.**

Plaintiff, Alliance Health Group, LLC (hereinafter "Alliance") initiated this matter on December 20, 2006, by filing its Complaint. The allegations of the Complaint center upon a Development Agreement for the development of a computer program which was entered into by

BHO and Alliance on August 15, 2003. Said agreement was referenced by Alliance in its Complaint and a true and correct copy of the Development Agreement is incorporated herein as Exhibit "1". The Development Agreement contained a forum selection clause which provided:

> **Governing Law: This Agreement shall be governed by and construed in accordance with the laws of the State of Mississippi and exclusive venue for any litigation related hereto shall occur in Harrison County, Mississippi.**

*See* Exhibit "1" at page 3.

## II.

Defendants filed a Motion to Dismiss for Improper Venue on March 27, 2007, asserting that the forum selection clause contained in the Development Agreement was mandatory and exclusive and pursuant to its terms, that venue was not proper herein. No arguments were heard on this motion. On June 14, 2007, this Honorable Court entered a Memorandum Order finding that the forum selection clause was permissive and denying Defendants' Motion for Improper Venue.

## III.

Pursuant to 28 U.S.C. §1292(b), in order for Defendants to be able to petition the Fifth Circuit Court of Appeals for permission to appeal this issue, this Honorable Court must certify its Order for interlocutory appeal. 28 U.S.C. §1292(b) requires that the order appealed from certify that the order: "(1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *Vrazel v. Mississippi State Port at Gulfport*, 2006 WL 3457175, *1 (S.D. Miss. 2006). A question of law has been found to be "controlling" where reversal of a district court's order would result in the termination of the litigation. *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave*, 921 F.2d 21, 24 (2nd Cir. 1990). The absence of definitive judicial

authority on an issue of law will serve to satisfy the requirement of a substantial ground for difference. *Insurance Co. of the West v. U.S.*, 1999 WL 33604131, *3 (Fed. Cl. 1999). Where interlocutory appeal would result in a determination of whether a case would be tried in the subject court, the element of material advancement of the ultimate termination of the litigation is satisfied. *Weathersby v. General Motors Corp.*, 2007 WL 1484972, *1 (N.D. Miss. 2007). As will be shown herein and in Defendants' Memorandum Brief, each of these elements are satisfied and warrant certification of the present Order.

**IV.**

Whether a forum selection clause is mandatory or permissive is dependent upon the language of the clause. "[A] mandatory forum selection clause has express language limiting the action to the courts of a specific locale which is clear, unequivocal and mandatory." *Bentley v. Mutual Benefits Corp.*, 237 F.Supp. 2d 699, 701 (S.D. Miss. 2002). "[A] permissive forum selection clause authorizes jurisdiction or venue in a selected forum but does not prohibit litigation elsewhere." *Id.* The determinative factor is whether the clause utilizes express language of limitation that provides exclusive jurisdiction or venue to a court of a specific locale. *Id.* The relevant language of the forum selection clause at issue herein is "**exclusive venue** for any litigation related hereto **shall occur** in **Harrison County, Mississippi**." *See* Exhibit "1" at page 3 (emphasis added).

The United States District Court in Kansas found that a forum selection clause with less restrictive language was exclusive and mandatory. *Double A Home Care, Inc. v. Epsilon Systems, Inc.*, 15 F. Supp. 2d 1114, 1116 (D. Kan. 1998) (forum selection clause provided that litigation shall be venued in the County of Ramsey, State of Minnesota). Like the present case, the Kansas District Court was presented with an issue of whether both the state or federal courts of Ramsey County, Minnesota could hear the case. In determining that the federal court could not hear the case, the

District Court found that [f]or federal court purposes, venue is not stated in terms of 'counties'. Rather, it is stated in terms of 'judicial districts'". *Id*. at 1117 citing 28 U.S.C. §1391.  The District Court further found that "[b]ecause the language of the forum selection clause refers only to a specific county and not to a specific judicial district, we conclude venue is intended to lie only in state district court." *Id*.

This same reasoning was utilized by the Tenth Circuit Court of Appeals as the Court found that the proper forum was Colorado state court where a forum selection clause provided in pertinent part that "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado." *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 320-22 (10th Cir. 1997).  Additionally, a Tennessee district court utilized the same reasoning in finding that a clause that provided that "venue for any matter relating to this contract shall be in Marion County, Tennessee" was a mandatory clause after hearing arguments that the clause did not differentiate between state or federal courts. *Navickas v. Aircenter, Inc.*, 2003 WL 21212747, *1 (E.D. Tenn. 2003).  Further, a Court in the Fifth Circuit utilized this same sound reasoning in finding that a forum selection clause that provided in pertinent part "all claims shall be litigated only in Collin County, Texas" was mandatory and venue was not proper in federal court. *First Nat. of North America, LLC v. Peavy*, 2002 WL 449582, *1 (N.D. Tex. 2002).  In so ruling, the district court found that "venue in the federal system is stated in terms of judicial districts, not counties.  Thus, where a forum selection clause merely designates a particular county, venue lies only in the state courts of that county." *Id.* at *2.

This Honorable Court relied upon *Hunt Wesson Foods, Inc. v. Supreme Oil Company*, a Ninth Circuit Court of Appeals case to support its decision that the applicable clause in the present matter was permissive.  The clause at issue in *Hunt* provided "[t]he courts of California, County of

Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract." *Hunt Wesson Foods, Inc. v. Supreme Oil Company,* 817 F.2d 75, 76 (9th Cir. 1987).  When compared to the *Hunt* forum selection clause as well as the forum selection clauses in *Double A, Excell, Navickas*, and *First National*, the present forum selection clause provides more words of exclusivity.  While the present forum selection clause and the *Hunt* clause both utilize the word "shall", they are otherwise vastly dissimilar.  The *Hunt* clause does not in any way appoint a court with venue or otherwise utilize words of exclusivity.  Additionally, a comparison of *Double A, Excell, Navickas*, and *First National* with the *Hunt* decision evidences the divergence in the applicable case law on the interpretation of forum selection clauses, emphasizing the substantial need for interlocutory appeal on this issue.

## V.

As presented herein, there is clearly a divergence in the case law on the issue of interpretation of a forum selection clause.  Defendants assert that there is a substantial basis for a difference of opinion on the issue of whether the subject forum selection clause is mandatory or permissive based upon applicable case law.  If this issue is determined in favor of Defendants, then Plaintiff's entire case would be dismissed.  Accordingly, this issue presents a controlling question of law that would materially advance the termination of this litigation.  For these reasons, Defendants respectfully request that this Honorable Court amend its Memorandum Order certifying its Order for interlocutory appeal.

This Honorable Court has previously considered certification of an interlocutory appeal in a different matter and in so doing, found "that immediate resolution of jurisdictional questions, the length of the Court's proceedings saved by reversal of an erroneous ruling, and the burdens imposed on the parties by an erroneous ruling justify an interlocutory appeal of this Court's order." *Vrazel*,

2006 WL 3457175 at *1. All of the foregoing considerations are present in this matter. Certification of this Court's Memorandum Order in this litigation would result in saving this Court's time as well as lessening the burdens imposed on the parties to this litigation. For all the reasons stated herein, certification of this Court's Memorandum Order is proper.

**WHEREFORE, PREMISES CONSIDERED,** Defendants/Counter-Plaintiffs BHO and Dr. Booth respectfully move this Honorable Court to Amend its Memorandum Order Denying Defendants' Motion to Dismiss for Improper Venue to Certify Appealability of Order. Defendants/Counter-Plaintiffs further pray for any other and further relief they may be entitled to within the premises.

          Respectfully submitted,

          BRIDGING HEALTH OPTIONS, LLC and
          DONALD J. BOOTH, M.D.

          BY:    PAGE, MANNINO, PERESICH
                    & McDERMOTT, P.L.L.C.

          BY:    /s/ Stephen G. Peresich
                    STEPHEN G. PERESICH, MSB #4114

PAGE, MANNINO, PERESICH,
& MCDERMOTT, P.L.L.C.
Post Office Drawer 289
Biloxi, Mississippi 39533
Telephone: (228) 374-2100
Facsimile: (228) 432-5539

## **CERTIFICATE OF SERVICE**

I, STEPHEN G. PERESICH, of the law firm of Page, Mannino, Peresich & McDermott, P.L.L.C., do hereby certify that on March 27, 2007, I electronically filed the foregoing Defendants' Motion to Amend Memorandum Order Denying Defendants' Motion to Dismiss for Improper Venue

to Certify Appealability of Order Filed by Bridging Health Options, LLC and Donald J. Booth, M.D. with the Clerk of the Court using the ECF system which sent notification of such filing to the following: Ron A. Yarbrough, at the law offices of Brunini, Grantuam, Grower & Hewes, PLLC, 140 Trustmark Building, 248 East Capitol Street, Jackson, Mississippi, 39201 and by U.S. Mail to David C. Olson, at the law offices of Frost Brown Todd, LLC, 2200 PNC Center, 201 East Fifth Street, Cincinnati, Ohio, 45202-4182.

This, the 25th day of June, 2007.

   /s/ Stephen G. Peresich
STEPHEN G. PERESICH MSB #4114

PAGE, MANNINO, PERESICH
& McDERMOTT, P.L.L.C.
Attorneys at Law
Post Office Drawer 289
Biloxi, MS 39533
Telephone: (228) 374-2100
Facsimile:  (228) 432-5539