**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION**

**ALLIANCE HEALTH GROUP, LLC** — **PLAINTIFF**

**VS.** — **CIVIL ACTION NO. 1:06CV1267LG-JMR**

**BRIDGING HEALTH OPTIONS, LLC and DONALD J. BOOTH, M.D.** — **DEFENDANTS**

**AND COUNTER-CLAIMS/ THIRD PARTY CLAIMS**

**BRIDGING HEALTH OPTIONS, LLC and DONALD J. BOOTH, M.D.** — **DEFENDANTS/ COUNTER PLAINTIFFS**

**VS.**

**ALLIANCE HEALTH GROUP, LLC, DR. DAVID FALLANG AND LYNN FALLANG AND JOHN DOE DEFENDANTS** — **COUNTER DEFENDANTS**

**REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO STAY FORMAL DISCOVERY FILED BY DEFENDANTS/COUNTER PLAINTIFFS <u>BRIDGING HEALTH OPTIONS, LLC AND DONALD J. BOOTH, M.D.</u>**

COME NOW Defendants/Counter Plaintiffs, Bridging Health Options, LLC (hereinafter "BHO") and Donald J. Booth, M.D. (hereinafter "Dr. Booth"), by and through their attorneys, and file this their Reply to Plaintiff's Response to Motion to Stay Formal Discovery and in support thereof would show unto the Court the following:

1. Plaintiff asserts that Defendants/Counter Plaintiffs seek a stay in this matter to simply delay this case. Additionally, Plaintiff asserts that the interlocutory appeal that Defendants/Counter Plaintiffs are seeking is inappropriate and premature. This is patently not so. As asserted in Defendants/Counter Plaintiffs' Motion to Stay Formal Discovery, Defendants/Counter Plaintiffs are seeking appellate review of the District Court's Order denying their Motion to Dismiss for Improper Venue. A determination of the issues raised in the Motion to Dismiss for Improper Venue would

result in the complete dismissal of this case and termination of this litigation in this or any other federal court. In seeking appellate review of the denial of it's Motion to Dismiss for Improper Venue, Defendants/Counter Plaintiffs have filed and have currently pending before the District Court a Motion to Amend the Memorandum Order Denying Motion to Dismiss for Improper Venue requesting that the District Court certify its Order so that Defendants may petition the Fifth Circuit Court of Appeals for interlocutory appeal. That Motion has been fully briefed and is ripe for determination by the District Court. Should the Motion to Amend be granted, Defendants plan to petition the Fifth Circuit for interlocutory appeal of this dispositive issue.

2. To require merit based discovery to proceed and require both parties to go through the time and expense of conducting extensive discovery, when these steps would be unnecessary if the Defendants prevail before the District Court certifying the issue for interlocutory appeal, would waste considerable resources and be overly burdensome to all parties. Likewise, to require that merit discovery proceed before the interlocutory appeal issue is resolved would result, respectfully, in a waste of this Court's time and resources. Accordingly, this motion to stay is meant to conserve resources not cause delay or waste. Further, because appellate review of the District Court's Order denying the Motion to Dismiss for Improper Venue could result in termination of this litigation, it cannot be said that the appeal is premature or inappropriate.

3. Further, it's interesting that Plaintiff mentions delay when it's the Plaintiff that waited years to file this lawsuit and has yet to make any meaningful initial disclosure of documents to support their claims or defenses. Additionally, Plaintiff fails to even allege any prejudice resulting from a stay of merit based discovery, as there would be none. Moreover, there is no merit discovery needed as to the validity, effectiveness or applicability of the forum selection clause.

4. Plaintiff also asserts that their discovery requests are duplicative of the information to be provided by Defendants/Counter Plaintiffs' in their Initial Disclosures which means they have already been satisfied by the Defendants/Counter Plaintiffs Initial Disclosures which have been filed and produced to Plaintiff.

5. Plaintiff asserts that "the initial skirmishes on procedure have been concluded and it is time to commence the discovery phase." *See* Response of Alliance Health Group, LLC in Opposition to Motion for Stay of Formal Discovery. However, Third Party Defendants, Dr. David Fallang and Lynn Fallang, filed a Motion to Dismiss for lack of personal jurisdiction on July 26, 2007. The Fallangs are represented by the same attorneys as Plaintiff. How can Plaintiff's attorneys honestly assert that the procedural aspects of this case are settled when this procedural motion has just recently been filed by them in this matter?

6. Upon review of the Third Party Defendants' Motion to Dismiss filed July 26, 2007, Defendants/Counter Plaintiffs assert that specific, limited discovery in the form of interrogatories, requests for production of documents and depositions will be needed to assist in gathering information, documentation and sworn testimony to demonstrate that this Court has personal jurisdiction over Dr. David Fallang and Lynn Fallang. Accordingly, Defendants/Counter Plaintiffs herein request limited, specific discovery on the procedural issue of personal jurisdiction as to Dr. David Fallang and Lynn Fallang, and hereby amend their Motion to Stay Formal Discovery to request a stay of all "merit" based discovery.

6. The only merit discovery currently pending in this matter are Plaintiff's First Set of Interrogatories and Requests for Production of Documents, which Plaintiff concedes is satisfied by Defendants' initial disclosures.

7. For the reasons stated herein, Defendants/Counter Plaintiffs respectively request a stay of all merit based discovery including but not limited to interrogatories, requests for production of documents, requests for admissions and/or depositions in this case beyond production of Initial Disclosures. Further Defendants/Third Party Plaintiffs do seek and will proceed to conduct discovery of the procedural issues raised in Third Party Defendants' Motion to Dismiss for lack of personal jurisdiction.

**WHEREFORE, PREMISES CONSIDERED,** Defendants/Counter-Plaintiffs, BHO and Dr. Donald J. Booth, respectfully move this Honorable Court to grant their requested limited amendment to the Motion to Stay prohibiting merit based discovery beyond production of Initial Disclosures until such time as Defendants' interlocutory appeal process is exhausted. Further, Defendants/Third Party Plaintiffs seek to and will proceed to conduct discovery of the issues raised in Third Party Defendants' Motion to Dismiss for lack of personal jurisdiction. Defendants/Counter-Plaintiff further pray for any other and further relief they may be entitled to within the premises.

Respectfully submitted,

BRIDGING HEALTH OPTIONS, LLC and
DONALD J. BOOTH, M.D.

BY: PAGE, MANNINO, PERESICH
& McDERMOTT, P.L.L.C.

BY: /s/ Stephen G. Peresich
STEPHEN G. PERESICH, MSB #4114

**CERTIFICATE OF SERVICE**

I, STEPHEN G. PERESICH, of the law firm of Page, Mannino, Peresich & McDermott, P.L.L.C., do hereby certify that on August 3, 2007, I electronically filed the foregoing Defendants' Motion to Stay Formal Discovery Filed by Bridging Health Options, LLC and Donald J. Booth, M.D. with the Clerk of the Court using the ECF system which sent notification of such filing to the following: Ron A. Yarbrough, at the law offices of Brunini, Grantuam, Grower & Hewes, PLLC, 140 Trustmark Building, 248 East Capitol Street, Jackson, Mississippi, 39201 and to David C. Olson, at the law offices of Frost Brown Todd, LLC, 2200 PNC Center, 201 East Fifth Street, Cincinnati, Ohio, 45202-4182.

This, the 3rd day of August, 2007.

/s/ Stephen G. Peresich
STEPHEN G. PERESICH, MSB #4114

PAGE, MANNINO, PERESICH
& McDERMOTT, P.L.L.C.
Attorneys at Law
Post Office Drawer 289
Biloxi, MS 39533
Telephone: (228) 374-2100
Facsimile: (228) 432-5539