IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALLIANCE HEALTH GROUP, LLC.** § | | **PLAINTIFF** |
| § | | |
| v. § | | Civil No.1:06CV1267HSO-JMR |
| § | | |
| **BRIDGING HEALTH OPTIONS, LLC.,** § | | **DEFENDANTS** |
| **ET AL.** § | | |
| § | | |
| **BRIDGING HEALTH OPTIONS, LLC** § | | **COUNTER PLAINTIFFS** |
| § | | |
| v. § | | |
| § | | |
| **ALLIANCE HEALTH GROUP, LLC.,** § | | **COUNTER DEFENDANTS** |
| **ET AL.** § | | |

## ORDER GRANTING DEFENDANTS' MOTION TO CERTIFY APPEAL

BEFORE THE COURT is a Motion [31-1] to Amend Memorandum Order Denying Defendants' Motion to Dismiss for Improper Venue to Certify an Interlocutory Appeal by Defendants/Counter Plaintiffs, Bridging Health Options and Donald J. Booth, M.D., on June 25, 2007. Defendants/Counter Plaintiffs seek leave to appeal the Court's June 14, 2007, Order [28-1] Denying their Motion to Dismiss for Improper Venue. For the reasons set forth below, the Court finds that the Motion to Certify Appeal is well-taken and should be granted.

28 U.S.C. § 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of

> such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b)(emphasis in original).

Defendants must establish that this Court's June 14, 2007, Order Denying their Motion to Dismiss for Improper Venue (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See id.*

Upon examination of the forum selection clause at issue, which states that "exclusive venue for any litigation related hereto shall occur in Harrison County, Mississippi," Ct. Rec. 28 at p.1-2, it appears that a controlling question of law is indeed implicated, specifically whether or not the subject forum selection clause properly includes this District Court, which is located in Harrison County, Mississippi. In addition, an immediate appeal from this Order may materially advance the ultimate termination of the litigation since the outcome of an appeal would resolve the threshold issue of whether or not the instant case can proceed to trial in this court.

Finally, the Court, after careful review of the instant Motion, the pleadings on file and numerous legal decisions analyzing similar forum selection clauses and holding some to be permissive and others to be mandatory, is convinced that there

is a substantial ground for a difference of opinion regarding the issue presented. *See, e.g., Ondova Ltd. Co. v. Manila Industries, Inc.,* 2007 WL 1828025 (N.D.Tex. 2007); *Travelers Property Cas. Co. of America v. OneSource Facility Services, Inc.,* 2006 WL 752925 (M.D.Ala. 2006); *Paolina v. Argyll Equities, L.L.C.,* 2005 WL 2147931 (W.D.Tex. 2005); *Dixon v. TSE Int'l, Inc.,* 330 F.3d 396 (5th Cir. 2003)*; First Nat'l of N. Am., LLC v. Peavy,* 2002 WL 449582 (N.D.Tex. 2002); *N. Am. Air Force v. Rose,* 2001 WL 1155078 (N.D.Cal. 2001)*; Genesis Servs. Group, Inc. v. Culi-Servs., Inc.,* 1999 WL 1939986 (E.D.N.C. 1999); *Excell, Inc. v. Sterling Boiler & Mech., Inc.,* 106 F.3d 318, 321 (10th Cir.1997); *Milk 'n' More, Inc. v. Beavert,* 963 F.2d 1342, 1346 (10th Cir.1992)*; Links Design, Inc. v. Lahr,* 731 F.Supp. 1535, 1536 (M.D.Fla. 1990); *Docksider, Ltd. v. Sea Tech., Ltd.,* 875 F.2d 762, 764 (9th Cir.1989).

Accordingly, the Court concludes that: 1) because there is such divergence in the case law regarding similarly worded clauses; 2) because the Fifth Circuit has not made a pronouncement on whether a forum selection clause that designates a particular county wherein a district court is located permits venue to lie in both the state and federal court within that county; and 3) because the outcome of an appeal of this issue could preclude further litigation in this venue, Defendants/Counter Plaintiffs should be granted leave to pursue an interlocutory appeal of this issue.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants' Motion [31-1] for Certification of an Interlocutory Appeal of the Court's Memorandum Opinion and Order Denying Defendants' Motion to Dismiss for

Improper Venue filed June 25, 2007, should be and is hereby **GRANTED** as set forth above.  Defendants/Counter Plaintiffs may seek leave to appeal as provided by 28 U.S.C. § 1292(b) and FED. R. APP. P. 5.

    **IT IS, FURTHER ORDERED AND ADJUDGED** that, all remaining pending motions are hereby **DENIED WITHOUT PREJUDICE** with leave to reassert following resolution of the appeal.

    **SO ORDERED AND ADJUDGED**, this the 8th day of November, 2007.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE