# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2008

No. 08-60002

Charles R. Fulbruge III
Clerk



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

JAN - 9 2009

J.T. NOBLIN, CLERK
BY_____DEPUTY

ALLIANCE HEALTH GROUP LLC

Plaintiff - Appellee

v.

BRIDGING HEALTH OPTIONS LLC; MEDICAL DOCTOR DONALD J
BOOTH

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Mississippi

Before JOLLY, BARKSDALE, and HAYNES, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

For this Mississippi diversity action, the district court ruled that a forum-selection clause, providing for exclusive venue *in* a particular county, allows, *inter alia*, a federal court regularly sitting in that county to hear a dispute arising under the contract containing that clause. In this interlocutory appeal, at issue is whether the clause limits venue to the courts of Mississippi located in that county. AFFIRMED and REMANDED.

## I.

Alliance Health Group, LLC and Bridging Health Options, LLC (BHO) executed an agreement in 2003, whereby BHO would develop computer

programming for Alliance. The agreement contained the following forum-selection clause: "Governing Law: This Agreement shall be governed by and construed in accordance with the laws of the state of Mississippi and *exclusive venue for any litigation related hereto shall occur in Harrison County, Mississippi*." (Emphasis added.)

After disputes between the two arose, Alliance filed this diversity action in December 2006 in the United States District Court for the Southern District of Mississippi, Southern Division, against BHO and Dr. Booth, its principal member (collectively BHO). A federal courthouse for that division is located in Harrison County, the county named in the forum-selection clause.

BHO moved to dismiss the complaint for improper venue, asserting that the forum-selection clause limits filing the action to the courts of the State of Mississippi, located in Harrison County. The district court denied the motion, ruling: the clause could be interpreted to permit filing the action in either federal or state court; and, because the clause permitted the action to be filed in multiple fora, it was not mandatory, making filing in federal court appropriate as well.

This action was reassigned. Subsequently, pursuant to 28 U.S.C. § 1292(b), the new (second) district judge granted a motion to certify the first district judge's ruling for interlocutory appeal. In so doing, the new district judge noted other courts, both inside and outside this circuit, had come to different conclusions about the meaning of similar provisions. He further noted that our court had not yet ruled on this particular issue and that such a ruling would potentially preclude further litigation in district court. Our court permitted the appeal.

II.

Contract interpretation is a question of law, reviewed *de novo*. *E.g.*, *Advocare Int'l, LP v. Horizon Labs., Inc.*, 524 F.3d 679, 685 (5th Cir. 2008). Although the clause at issue refers to venue, we have previously treated similar clauses as forum-selection clauses. *See, e.g., Duffy & McGovern Accommodation Servs. v. QCI Marine Offshore, Inc.*, 448 F.3d 825, 826 (5th Cir. 2006) ("forum selection clause mandated venue in England"); *Collin County v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45 (5th Cir. 2007) (unpublished). "Federal law applies to determine the enforceability of forum selection clauses in both diversity and federal question cases." *Braspetro Oil Servs. Co. v. Modec (USA)*, 240 F. App'x 612, 615 (5th Cir. 2007) (unpublished); *see also Haynsworth v. The Corporation*, 121 F.3d 956, 962 (5th Cir. 1997).

The parties maintain that the clause is both mandatory and enforceable. On the other hand, as noted, the first district judge held that, because the forum-selection clause could be read to permit filing in either state or federal court, it was not exclusive and therefore not mandatory. We disagree. The question is what, precisely, does it mandate.

A.

The operative language of the clause is: "exclusive venue for any litigation related hereto shall occur in Harrison County, Mississippi". BHO urges this necessarily permits filing the action only in the state courts located in Harrison County. In support, BHO relies in part on *Navickas v. Aircenter, Inc.*, No. 1:02-CV-363, 2003 WL 21212747 (E.D. Tenn. 10 Apr. 2003), which ruled a clause stating "venue . . . shall be in Marion County" to be mandatory, and which BHO

seems to assert stands for the rule that reference to a county means venue is only appropriate in state courts.

This reliance is misplaced. BHO omits the language from *Navickas* most important to the issue at hand: "Because there is *no federal court in Marion County*, the Court concludes that the Clause mandates venue in the state courts sitting in Marion County, Tennessee." *Id.* at *5 (emphasis added).

The same is true for *First National of North America, LLC v. Peavy*, No. 3-02-CV-0033BD(R), 2002 WL 449582 (N.D. Tex. 21 Mar. 2002), which BHO cites as coming to the same conclusion as *Navickas*. The district court in *Peavy* was quite clear, however, that its opinion rested on at least two bases, the first being that "there is no federal district court located in Collin County, Texas". *Id.* at *2.

In sum, unlike here, at issue in *Navickas* and *Peavy* was not whether venue was appropriate in the state or federal court located in the county—there was no federal court located there. Instead, the question was whether venue was appropriate in the state court located in the county or in the federal district court whose district *included* that county.

In 2007, our court applied a similar approach in *Collin County* (unpublished). There, the relevant provision stated that "venue for all actions in connection with this Agreement shall lie exclusively in Collin County, Texas". 250 F. App'x at 47. The county filed an action in the 219th Judicial District Court of Collin County, Texas. *Id.* Defendants removed the action to federal court on the basis of diversity of citizenship. *Id.* The district court remanded on two bases, agreeing with the county that defendants had *waived* their removal

rights by virtue of the forum-selection clause because it provided for exclusive venue in Collin County. *Id.*

Because the remand was *not* based on lack of subject-matter jurisdiction under 28 U.S.C. § 1447, appellate review of the remand order was not barred. *Id.* at 47-48. Defendants urged on appeal that "the clause's language allows removal to a federal district court whose jurisdiction encompasses, as well as those courts actually regularly sitting in, Collin County". *Id.* at 52. Our court rejected that contention, finding "persuasive [the] distinction between courts encompassing an area and those sitting in or hearing cases in an area". *Id.* At the time of the action, plans were afoot to construct a federal courthouse in Collin County, but it had not been completed. *Id.* at 53. Our court ruled: "This would likely be a different case if, for example, there had been a federal courthouse in Collin County prior to the . . . removal of the action". *Id.* at 54. (A federal courthouse is now located in that county.)

The action at hand *is* that "different case"–again, a United States courthouse is located in Harrison County. Unlike the issue in *Navickas* or *Collin County*, the question is not whether venue is proper when a federal judicial district merely includes the county named in the forum-selection clause; rather, it is whether venue is proper when the district court is located in the specified county. Accordingly, the clause at hand, providing for venue in a specific county, permits venue in either federal or state court, because a federal courthouse is located in that county. *See, e.g., Global Satellite Communication Co. v. Starmill U.K., Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) (holding a contract provision specifying "Venue shall be in Broward County" permitted filing in either state court or in the federal court located in that county).

Nevertheless, we will address BHO's other lines of attack. In that regard, BHO relies erroneously upon *Dixon v. TSE International Inc.*, 330 F.3d 396 (5th Cir. 2003). In *Dixon*, the forum-selection clause stated: "[t]he Courts *of* Texas, U.S.A., shall have jurisdiction . . . and the parties waive any other venue". *Id.* at 397 (emphasis added). Our court affirmed a district court's ruling that this clause excluded federal courts in Texas from hearing disputes arising out of the contract containing that clause. *Id.* at 398. Our court noted that the "[f]ederal district courts may be *in* Texas, but they are not *of* Texas". *Id.* (emphasis in original).

On the other hand, the clause at issue states that venue shall occur *in* Harrison County; it makes no reference to the courts *of* that county. We reject BHO's attempt to render "in" and "of" synonymous. Accordingly, *Dixon* is not controlling.

As further support, BHO cites *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318 (10th Cir. 1997). In *Excell*, for an action removed to federal court, the Tenth Circuit held that a forum-selection clause, providing "venue shall lie in the County of El Paso", required filing in state court, even though a federal court was located in that county, as is the situation here. *Excell* based its holding on the following: "For federal court purposes, venue is not stated in terms of 'counties.' Rather it is stated in terms of 'judicial districts.'" *Id.* at 321. For this ruling, it cited 28 U.S.C. § 1391, the general venue statute, rather than 28 U.S.C. § 1441, the general removal statute.

BHO urges us to adopt that approach, because the clause at hand references Harrison County, while federal courts are organized by districts. This approach would be more persuasive were the federal courts organized in total

disregard of state counties; if, for instance, federal judicial districts were defined by metes and bounds. By contrast, those districts and their divisions are defined by specific reference to the counties they encompass. *E.g.*, 28 U.S.C. § 104(b)(4) ("The southern division [for the United States District Court for the Southern District of Mississippi] comprises the counties of George, Hancock, Harrison, Jackson, Pearl River, and Stone.").

As discussed *supra*, in *Collin County*, the action was removed from state court, and thus was governed by the earlier-referenced § 1441, the removal statute. As one of its two bases for remanding, the district court had cited *Excell*. As also discussed above, although *Excell* also involved an action removed to federal court, the Tenth Circuit nevertheless relied upon § 1391, the general venue statute. 250 F. App'x at 51. The opinion in *Collin County* noted the application of § 1441 for removed actions (§ 1441 also uses the term "district") and held that, in the forum-selection clause at issue there, the clause's use of "county" rather than "district", as used in § 1441, did *not* constitute "a clear and unequivocal waiver of federal jurisdiction" for removal purposes. *Id.* at 51-52. In that regard, it disagreed with that second of the two remand-bases relied upon by the district court. *Id.* at 52.

The action at hand, however, was filed in federal court and is therefore governed by § 1391. Accordingly, BHO invites us to adopt *Excell*, which, as noted, relied upon § 1391 in ruling on the forum-selection clause at issue there. (At oral argument here, however, BHO's counsel conceded that, had this action been filed in state court and removed, BHO would have asserted the clause constituted an unambiguous waiver of federal jurisdiction.) We decline this

invitation because we reject the claimed distinction between these two statutes: both speak in terms of districts rather than counties.

We also note: Mississippi state courts are not simply defined by county. Within Harrison County, for example, there are two state judicial districts. *See* MISS. CODE ANN. § 11-1-53. Even in counties within a single judicial district, there are multiple fora because Mississippi retains separate courts of law and equity, as well as courts of limited jurisdiction. There are three courts whose geographic jurisdiction encompasses Harrison County: the Chancery Court, the Circuit Court, and the County Court. *See* MISS. CODE ANN. §§ 9-5-27, 9-7-9, 9-9-1. Although Mississippi has rules delineating these courts' respective jurisdictions, *e.g.*, MISS. CONST., art. 6, § 159, it can hardly be said that a reference to "county" clearly suggests the Harrison County Circuit Court rather than the United States District Court when it has a courthouse in, and jurisdiction over, Harrison County.

The language of the clause at hand further undermines BHO's position. The clause states: "exclusive venue for any litigation related hereto shall *occur in* Harrison County". (Emphasis added.) Our research has not found an action in which venue has been found to "occur". Nevertheless, the use of the phrase "occur in" suggests a general lack of specificity. The clause at issue does not state that venue shall *be* some county, which might have suggested an intent to limit venue to a single tribunal. On the contrary it merely says that venue shall exclusively *occur in* Harrison County, a markedly less specific construction.

In sum, we reject each of BHO's bases for contending this action could only be filed in state court in Harrison County. Accordingly, venue was also proper in the federal district court located in that county.

8

B.

There is an alternative basis for holding the action was properly filed in that district court. Obviously, had the parties intended, as BHO contends, to limit venue to the state courts located in Harrison County, they easily could have eliminated any question in that regard by writing the forum-selection clause differently.

As held in *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 957 (5th Cir. 1974), forum-selection clauses are interpreted *contra proferentem*: when presented with two reasonable, but conflicting, interpretations of a contract provision, we adopt the interpretation less favorable to the drafter. As BHO's counsel conceded at oral argument here, BHO drafted the clause at issue.

Assuming *arguendo* that the clause is ambiguous, BHO now urges a reading not unambiguously mandated by it. As such, given the presence of a federal courthouse in Harrison County and the wording of the forum-selection clause drafted by BHO, the interpretation less favorable to BHO–venue is also proper in the federal district court located in that county–would be adopted.

III.

For the foregoing reasons, the order of the district court is AFFIRMED and this matter is REMANDED to the district court for further proceedings consistent with this opinion.

AFFIRMED and REMANDED.