IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALLIANCE HEALTH GROUP, LLC. | § § | PLAINTIFF |
| v. | § § | Civil No.1:06CV1267HSO-JMR |
| BRIDGING HEALTH OPTIONS, LLC., ET AL. | § § § | DEFENDANTS |
| BRIDGING HEALTH OPTIONS, LLC | § § | COUNTER PLAINTIFFS |
| v. | § § | |
| ALLIANCE HEALTH GROUP, LLC., ET AL. | § § | COUNTER DEFENDANTS |

**ORDER DENYING DEFENDANTS' MOTION
TO DISMISS BASED ON THE STATUTE OF LIMITATIONS**

BEFORE THE COURT is a Motion to Dismiss, or, in the Alternative, for Judgment on the Pleadings filed August 26, 2009 [75-1], by Bridging Health Options and Donald J. Booth, M.D. ["Defendants"]. Alliance Health Group ["Plaintiff"] filed a Response in Opposition [78-1] on September 15, 2009, and Defendants a Rebuttal [79-1] on September 25, 2009. For the reasons set forth below, the Court finds that Defendants' Motion to Dismiss based on the statute of limitations is not well-taken and should be denied.

I. FACTS AND PROCEDURAL HISTORY

In 2003, Plaintiff entered into discussions with Defendants for the development of certain medical billing software. Dr. Booth, in his capacity as President of Bridging Health Options, and Anne McKeough, as Chief Executive Officer of Alliance Health Group, executed a written agreement on August 15, 2003.

The contract called for development of a computer program and a "soft launch" date within approximately 90 days. *See* Compl. ¶ 11. A letter dated December 23, 2003, from one of Defendants' attorneys to Dr. David Fallang, reveals that the relationship between Plaintiff and Defendant was being severed. *See* Letter att. as Ex. "D" to Def.'s Mot. to Dismiss.

Plaintiff filed suit in this Court on December 20, 2006, seeking damages and specific performance relating to the contractual agreement between the parties. Plaintiff's allegations include breach of contract, false pretenses, intentional and negligent/fraudulent misrepresentation, and breach of the duty of good faith and fair dealing. *See* Compl.

## II. DISCUSSION

A. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This does "not require heightened fact pleading of specifics." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56. The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Bell Atlantic*, 550 U.S. at 555) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Complaint filed in this case asserts breach of contract claims as well as claims of negligence. Under Mississippi law, a three year statute of limitations applies. *See* MISS. CODE. ANN. § 15-1-49; *see also Sanderson Farms v. Ballard,* 917 So. 2d 783 (Miss. 2005). Defendants contend that all of the claims in the Complaint are barred by the general three year statute of limitations, as they accrued more than three years prior to the filing of this lawsuit. They maintain that a contract was formed by virtue of the August 2003 agreement for a "soft launch" of the medical software program to occur within 90 days, and not as a result of the December 23, 2003, letter.

Plaintiff responds that the tort and contract claims in the Complaint are premised upon alleged false representations made in both 2003 and in 2004, and also upon a breach of performance in 2004 and beyond. Specifically, Plaintiff relies on the letter dated December 23, 2003, which "demonstrates that BHO as of that date, believed that it had an existing contract and business relationship with Alliance." Pl.'s Mem. in Resp. to Def.'s Mot. to Dismiss at p. 4. Taken as true, the allegations contained in the Complaint support a conclusion that there was on-going communication regarding performance of the parties' contractual agreement.

The Court concludes that viewing the allegations in the light most favorable to Plaintiff, the Complaint contains sufficient allegations, including a lack of performance and certain purported false representations made as late as 2004, for

3

the clams to fall within the three year statute of limitations. Applying the three year statute of limitations to the facts as alleged, the Complaint filed on December 20, 2006, was timely.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants' Motion to Dismiss, or, in the Alternative, for Judgment on the Pleadings filed August 26, 2009 [75-1], should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 11th day of March, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE