# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALLIANCE HEALTH GROUP, LLC.** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil No.1:06CV1267HSO-JMR** |
| | § | |
| **BRIDGING HEALTH OPTIONS, LLC.,** | § | **DEFENDANTS** |
| **ET AL.** | § | |
| | § | |
| **BRIDGING HEALTH OPTIONS, LLC** | § | **COUNTER PLAINTIFFS** |
| | § | |
| **v.** | § | |
| | § | |
| **ALLIANCE HEALTH GROUP, LLC.,** | § | **COUNTER DEFENDANTS** |
| **ET AL.** | § | |

## ORDER DENYING DEFENDANT/COUNTER PLAINTIFF DONALD J. BOOTH'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

BEFORE THE COURT is a Motion to Dismiss filed pursuant to FED. R. CIV. P. 12(b)(6), by Defendant/Counter Plaintiff Donald J. Booth, M.D. ["Dr. Booth"][66-1]. Alliance Health Group ["AHG'] filed a Response in Opposition [69-1], and Booth a Rebuttal [70-1]. For the reasons set forth below, the Court finds that Booth's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) should be denied.

## I. FACTS AND PROCEDURAL HISTORY

In 2003, AHG, by and through Drs. David and Lynn Fallang, entered into discussions with Dr. Booth and Defendant Bridging Health Options ["BHO"] for the development of certain medical billing software. Dr. Booth, in his capacity as President of BHO, and Anne McKeough, as Chief Executive Officer of AHG, executed a written agreement on August 15, 2003. The contract called for development of a computer program and a "soft launch" date within approximately

90 days. *See* Compl. ¶ 11.

AHG filed suit in this Court on December 20, 2006, seeking damages and specific performance relating to the contractual agreement between the parties. Plaintiff's allegations include breach of contract, false pretenses, intentional and negligent/fraudulent misrepresentation, and breach of the duty of good faith and fair dealing. *See* Compl.

## II. <u>DISCUSSION</u>

A.   <u>Standard of Review</u>

To survive a Rule 12(b)(6) motion to dismiss, Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Corrections Corp. of America,* 344 Fed. App'x 984, 986 (5th Cir. 2009)(*quoting Ashcroft v. Iqbal*, ___ U.S. ___ , 129 S.Ct. 1937, 1949 (2009)).  "Enough facts must be plead to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This does "not require heightened fact pleading of specifics." *Id.*  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56.  The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (*quoting Bell Atlantic*, 550 U.S. at 555) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

B.    Claims Asserted Against Dr. Booth

AHG's Complaint contains six separate counts raised against BHO, with Dr. Booth named in three of the six counts.  Dr. Booth's Motion argues that he is entitled to dismissal in his individual capacity, inasmuch as all of AHG's claims are asserted against him as a corporate officer, while acting in his corporate capacity for BHO.

In *Turner v. Wilson,* 620 So. 2d 545 (Miss. 1993), the Mississippi Supreme Court held that "Mississippi follows the general rule that individual liability of corporate officers or directors may not be predicated merely on their connection to the corporation but must have as their foundation individual wrongdoing." *Id.* at 548.  The officer or director must have some sort of direct participation, such as being the "guiding spirit behind the wrongful conduct or the central figure in the challenged corporate activity." *Id.*   As *Turner* further recognized:

> [a] director, officer, or agent is liable for the torts of the corporation or of other directors, officers, or agents when, and only when, he has participated in the tortious act, or has authorized or directed it, or has acted in his own behalf, or has had any knowledge of, or given any consent to, the act or transaction, or has acquiesced in it when he either knew or by the exercise of reasonable care should have known of it and should have objected and taken steps to prevent it.

*Id.* at 548-49 (*citing* 19 C.J.S. Corporations Section 544, p. 175 (1990)).   In short, "some showing of direct personal involvement by the corporate officer in a decision

3

or action which is causally related to the plaintiff's injury is required." *Estate of Hazelton ex rel. Hester v. Cain,* 950 So. 2d 231, 236 (Miss. Ct. App. 2007).

The pleadings and record before this Court reveal that while AHG's breach of contract claim is not asserted against Dr. Booth, the remaining negligence claims, which include purported misrepresentations, as well as an alleged breach of the covenant of good faith and fair dealing, are asserted against Dr. Booth, both personally and while in his corporate capacity for BHO.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 546. Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 *(quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)(overruled on other grounds)). In the present case, the Court concludes that the facts as plead, specifically those regarding the negotiations that occurred between AHG, BHO, and Dr. Booth beginning in August 2003, and continuing until the formation of the contract, are sufficient to withstand dismissal under Rule 12(b)(6).

## III. <u>CONCLUSION</u>

After careful review and consideration of the pleadings, the record, and the relevant legal authorities, and after considering the evidence in the light most favorable to AHG, including resolving all doubts in its favor, the Court concludes that

4

Dr. Booth's Motion should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant's

Motion to Dismiss [66-1], should be and hereby is **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 12th day of March, 2010.


_s/ Halil Suleyman Ozerden_
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE